UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH KOMOROSKI,<br>    Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT,<br>DEPARTMENT OF CONSUMER<br>PROTECTION,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 3:05cv398(WWE) |

## RULING ON DEFENDANT'S MOTION TO DISMISS

The plaintiff, Deborah Komoroski, alleges that the defendant, the Connecticut Department of Consumer Protection, is liable to her for violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the common law torts of intentional and negligent infliction of emotional distress.

Defendant has filed a motion to dismiss the claims for lack of jurisdiction and for failure to state a claim. The Court will grant in part the motion to dismiss.

### DISCUSSION

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

1

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

1.   Failure to State a Claim Under Title VII

Defendant argues that plaintiff's Title VII claim alleges that she was discriminated on the basis of age, which is not a protected class under the statute. Plaintiff counters that her claim, which alleges that she was passed over for a promotion in favor of younger female and male candidates, is susceptible to construction as a gender discrimination claim. In light of the liberal standard for federal pleading, the Court will construe the allegations of the complaint as stating a claim for gender discrimination. However, plaintiff is instructed to amend her complaint so that it sets forth a theory of gender

discrimination rather than age discrimination.  The motion to dismiss will be denied as to this ground.

2.   Lack of Jurisdiction Pursuant to the Eleventh Amendment

Plaintiff's complaint seeks monetary damages from the State of Connecticut for violation of the ADEA and the common law torts of intentional and negligent infliction of emotional distress.

Pursuant to the Eleventh Amendment, an unconsenting state is immune from suits for damages brought in federal courts. See Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).  A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985).  Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

In Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000), the Supreme Court held that Congress had not abrogated state Eleventh Amendment immunity.  Further, Connecticut also retains its immunity under the Eleventh Amendment for state common law claims brought against it in federal court.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"); Alungbe v. Bd. of Trustees of Connecticut State Univ. Syst., 283 F.Supp.2d 674, 688 (D.Conn. 2003).

Accordingly, the ADEA and intentional and negligent infliction of emotional distress claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to dismiss [#11] is GRANTED as to the ADEA and the intentional and negligent infliction of emotional distress claims.

Plaintiff is instructed to amend the complaint to remove the ADEA and the intentional and negligent infliction of emotional distress, and to clarify that the Title VII claim is brought pursuant to a theory of gender discrimination.

SO ORDERED.

_____
Warren W. Eginton, Senior U.S. District Judge

Dated at Bridgeport, Connecticut this 22nd day of September, 2005.