UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBORAH KOMOROSKI, | : | No. 3:05cv398(WWE) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, DEPT. | : | |
| OF CONSUMER PROTECTION, | : | |
| | : | |
| Defendant. | : | |

RULING ON MOTION TO DISMISS

In this action, plaintiff Deborah Komoroski advances a failure-to-promote claim based on gender discrimination pursuant to Title VII.  Defendant has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  The Court construes this motion as filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the following reasons, the motion to dismiss will be denied.

DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F. 2d 636, 639 (2d Cir. 1980).  In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

1

Defendant argues that plaintiff has failed to allege facts that can satisfy the prima facie case for Title VII gender discrimination.

To establish a prima facie case for discriminatory failure to promote, a plaintiff must demonstrate that: 1) she is a member of a protected class; 2) she applied for promotion to a position for which she was qualified; 3) she was rejected for the position; and 4) the employer kept the position open and continued to seek applicants.  Mauro v. Southern New England Telecommunications, Inc., 208 F.3d 384, 386 (2d Cir.2000).  To meet the fourth prong of that prima facie showing, the plaintiff must establish that she was treated differently than a similarly situated employee who is not a member of the protected class. See, e.g., Darden v. Town of Stratford, 2006 WL 695798 *5 (D.Conn. 2006).

Defendant argues that plaintiff's factual allegations cannot satisfy Title VII's prima facie case.  Specifically, defendant asserts that plaintiff's case is defeated by facts alleged in paragraph 11 of the Amended complaint: "On July 28, 2003, Director John Gadea announced the promotions of Sharon Milton-Wilhelm and Gerald DeStefano to the position of Drug Control Principal Agents. . . ."  Defendant contends that the admission that both a male and female were promoted to the position for which plaintiff applied negates her ability to establish a prima facie claim of gender discrimination.

However, the Second Circuit has held that a Title VII plaintiff is not required to demonstrate on her prima facie case that a position was filled by a person outside of the protected class.  Meiri v. Dacon, 759 F.2d 989, 995-96 (2d Cir. 1985) ("such a standard is inappropriate and at odds with policies underlying Title VII").  She need only prove at this stage in the proceedings that she was treated differently than other individuals outside of the protected class.

2

The fact that both a male and a female were selected for the position may lessen the inference of gender discrimination, but it does not militate in favor of dismissal for failure to state a claim.  The Court will leave plaintiff to her proof and will deny the motion to dismiss.

CONCLUSION

For the foregoing reasons, the motion to dismiss [#22] is DENIED.  The plaintiff's motion in opposition to defendant's motion to dismiss [#24] is moot.

SO ORDERED this 13th day of April in Bridgeport, Connecticut.


_____/s/_____

WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE